*213 This case was kept under advisement till the nest meeting of the judges in Charleston, the 12th January, 1808, when Bay, J., de-dared the opinion of the whole court, all the judges present, except Thezevant, J., who was unable to attend by reason of sickness. The opinion, declared by Bay, J., was in substance the same as that prepared by Brevard, J., which is as follows.
The demandant, in this case, claims her dower of certain lands which her husband purchased prior to her marriage with him, from Joshua Hargraves, subject to a mortgage which Hargraves had given of the said land to Messrs. Mann and Foltz, which mortgage was unsatisfied at her husband’s death, and is so still. It is not stated in the brief, whether the mortgage was of a fee simple, or a term of years ; but it is taken for granted, that it is a mortgage in fee, being that sort of mortgage most in use in this country, though not now usual in England. 2 Bl. Com. 158. The claim of dower is founded on legal, equitable, and moral principles, and is much favored. Ch. Prec. 244. Co. Litt. 33. The rule of the common law is, that a widow is intitled to dower of all the lands, whereof her husband was seized in fee at any time during the coverture. Our act of assembly, concerning dower, is in affirmance of this right. 2 Bl. Com. 131. Co. Litt. 32. The principal question in this case is, whether the husband was seized in fee, of the land in •question, at any tim'e during the marriage, or not? It is a clear position, that a widow shall be endowed of a seizin in law, as well as of a seizin in deed; as where it was in the power of the husband to have had actual seizin, or possession, without further trouble or expense, than the mere exercise of the right of entry, or ■of taking actual possession. Co. Litt. 31. It is also clear, that a widow shall not be endowed of a seizin for an instant only, in cases where the estate is not intended to abide in the husband, but is in ¡transitu at the instant of the seizin, as in the case of fine and ren•der. Cro. Ja. 015. 2 Bl. Com. 130. The doubt in this case is, whether the husband was seised at all, either in law or in deed, ■of the land in question. In order to resolve this doubt, it will be necessary to investigate the doctrine of law concerning mortgages -of land, and inquire whether the principles, which have been established in equity on that subject, are sufficient, in a court of law, to ■support a claim for dower, under circumstances such as exist in this case ? Whether those principles can be applied, in the court of Common Pleas, to maintain the demand made in the present case? The law respecting mortgages has been altered in this State, by an •act of the legislature, passed in February, 1791. But this altera- *214 lion docs not affect the ease under consideration, or any right which pre-existed. Mortgages, in England, appear to have become a subject of jurisdiction in the Court of Equity, almost exclusively. Pow. on Mortg. 14. In that court the traansaction is deemed a mere personal contract, for the loan of money. Pow. on Mortg’. 14. 2 Fonbl. 259. But on common law principles, the mortgage vests the fee in the mortgagee, and the mortgager holds only by his permission ; and the estate is only defeasible by payment of the debt, which the mortgage is intended to secure. Pow. on M. 80 and Seq. Doug. 21, 279. In the present ease, if the legal estate vested in Mann and Foltz, by the mortgage, and that mortgage remains unsatisfied, the estate of Mann and Foltz has never transferred, or annulled, and the fee is still in them ; liable, however, to the equity of redemption, or defeasible by the payment of the debt for which the land was mortgaged. If this be the light, in which the subject ought to be viewed, the demandant’s husband never was seized in fee of the land, either in deed, or in law. The right he acquired under the sale, pursuant to the directions of the Court of Equity, as stated in the brief, was only a right to the equity of redemption. An equity of redemption is, undoubtedly, an estate in land. It may be granted, devised, &c.; and in equity, the person intitled to the equity of redemption is considered as the owner of the land; and a mortgage in fee is considered as personal assets. But notwithstanding these considerations, and although it has been determined in equity, that a wife may have an equitable seizin oí an equitable estate, so as to intitle the husband to be tenant by the curtesy ; (1 Atk. 803 and Seq.,) yet it has been finally settled, by several concurrent decisions in equity, that the wife shall not be endowed of a trust estate of inheritance, or of an equity of redemption. 3 P. Wm.’s. 229. 1 Bro. 326. The wife of a cestui que use was not dowable at common law ; nor since the statute of uses is she dowable of a trust. The demandant may however redeem, and then claim her dower in equity, (2 P. Wm.’s. 702,) and may hold over for the proportions of those in remainder. Pow. on M. 313. For equity will lend its aid on a claim of dower. 2 P. W. 702. But till the legal state of the mortgagee has been extinguished, she has no right to dower, even in equity.
Note. Vid. 2 Saund. 46,3d ed. in the notes. See 3 Hen. and M. 328, 365, 386. Vid. 7 Johns. 278, Collins v. Torry. Demandant’s husband was seized during coverture, under Merrick, by deed, dated 1775. Merrick had before mortgaged in 1772, to a third person. This was allowed to be proved. A mortgage before foreclosure, not a legal estate, and widow is entitled to dower. Seo 6 Johns. 290, S. P. Not such a legal estate as a stranger can setup. Seo 1 Bro. c. 326. 3 Johns. 386. The mortgage cannot affect demandant’s claim. See 7 Johns. 282. The wife of mortgager dovvable. •
*214 Motion rejected.